# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GAVIN'S ACE HARDWARE, INC.,

        Plaintiff,

-vs-                                        Case No. 2:11-cv-162-FtM-36SPC

FEDERATED MUTUAL INSURANCE
COMPANY,

        Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for Enlargement of Time and Leave to Take Discovery To Respond to Defendant's Dispositive Motion (D.E. 35) (Doc. #37) filed on August 26, 2011. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Take Discovery to Respond to Defendant's Dispositive Motion (Doc. #39) was filed on September 9, 2011. Also before the Court is Plaintiff's Motion for Leave to File Reply to Defendant's Response [D.E. 39] and Affidavit of Ronald Gavin (Doc. #42) and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave (Doc. #43) both filed on September 12, 2011. Thus, the Motions are now ripe for review.

Defendant Federated Mutual Insurance Company's Motion for Summary Judgment (Doc. #35) was filed on August 19, 2011. Plaintiff's Motion requests an extension of time to respond to the Motion for Summary Judgment on the grounds that the Case Management and Scheduling Order (Doc. #25) sets the discovery deadline as June 4, 2012 and the dispositive motion deadline as July 3, 2012. Thus, Plaintiff requests an additional 10 months - until June 18, 2012 - to respond to the

Motion for Summary Judgment so that Plaintiff may secure additional discovery information in order to adequately respond. Defendant responds that some discovery has already taken place in this case and that its four grounds for summary judgment do not require that additional discovery be taken. Defendant included the Affidavit of Heather Newman (Doc. #34) in support of its Motion for Summary Judgment and Plaintiff contends that it needs additional time to depose her in order to adequately respond.

While Federal Rule 56(d) was not cited by Plaintiff in its Motion for Extension, it was one basis upon which Defendant opposed Plaintiff's request for an extension. Plaintiff now requests leave to file a reply brief so that it may comply with Federal Rule of Civil Procedure 56(d), which provides:

> **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)   defer considering the motion or deny it;
> (2)   allow time to obtain affidavits or declarations to take discovery; or
> (3)   issue any other appropriate order.

Federal Rule 56(d)

> allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof. A party seeking the shelter of rule 56(f) must offer an affidavit explaining to the court why he is unable to make a substantive response as is required by subsection (e). [T]he nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of ruling on the motion will enable him, by discover or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

Wallace v. Brownell Pontiac-GMP Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983) (citations and quotations omitted). See also Reflectone, Inc. v. Farrand Optical Company, Inc., 862 F.2d 841, 843-

44 (11th Cir. 1989) (Federal Rule of Civil Procedure 56(f) does not create a blanket prohibition on granting summary judgment motions before discovery).[1]

In this case, Plaintiff's Motion for Extension to take further discovery prior to responding to Defendant's motion for summary judgment is not supported by an affidavit or declaration in compliance with Federal Rule 56(d), but rather makes vague and conclusory allegations that discovery is needed in order to respond to Defendant's motion.  Defendant responds that some discovery has already occurred, as this is a removal case that was filed in October 2010 and points out that Plaintiff's Motion does not comply with Federal Rule 56(d).  There has been nearly a year's time that Plaintiff could have conducted discovery.  Defendant also points out that little, if any, discovery is needed for Plaintiff to be able to respond to the bases upon which Defendant asserts it is entitled to summary judgment.

Thus, the Court, in the exercise of its discretion under Rule 56(d) finds, that Plaintiff's Motion is due to be denied.  The Court will allow a brief amount of time for Plaintiff to file its response to the Motion for Summary Judgment.  Plaintiff's request for leave to file a reply is also due to be denied as it requests the opportunity to raise new legal grounds for the Court to grant its request for an extension and to file an affidavit of Ronald Gavins in further support of these new legal grounds.  This is not proper for a reply.  Plaintiff is not allowed to use a reply to introduce new argument and new evidence.

Accordingly, it is now

**ORDERED:**

---

[1] Federal Rule 56(d) was 56(f) prior to the 2010 amendments to the Federal Rules.

(1)     Plaintiff's Motion for Enlargement of Time and Leave to Take Discovery To Respond to Defendant's Dispositive Motion (D.E. 35) (Doc. #37) is **DENIED**.  Plaintiff shall have up to and including **September 23, 2011** to file its response to Defendant's Motion for Summary Judgment.

(2)     Plaintiff's Motion for Leave to File Reply to Defendant's Response [D.E. 39] and Affidavit of Ronald Gavin (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th    day of September, 2011.

*(signature)*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record