**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTIRCT OF FLORIDA
FORT MYERS DIVISION**

**GAVINS ACE HARDWARE, INC.,**

       **Plaintiff,**

**vs.**                                              Case No.: 2:11-cv-00162-CEH-SPC

**FEDERATED MUTUAL
INSURANCE COMPANY,**

       **Defendant.**
_____/

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND/OR
OVERRULE DEFENDANT'S PRIVILEGE OBJECTIONS**

**COMES NOW** the Plaintiff, GAVINS ACE HARDWARE, INC. ("Gavins"), pursuant to Fed. R. Civ. P. 37, and Local Rule 3.04, by and through its undersigned attorney, and hereby files this, its Motion to Compel Production and/or Overrule Defendant's Privilege Objections to Plaintiff's discovery requests, and as grounds therefore, states as follows:

    1.   Federated Mutual is asserting work product protection over documents that were prepared in the ordinary course and scope of business during the handling and investigation of the subject claim, before litigation could be reasonably anticipated, and before litigation commenced.

    2.   On or about October 24, 2005, Hurricane Wilma made landfall on the Gulf Coast of Florida, damaging Gavins' property. Gavins initiated a claim with its insurer, Federated Mutual Insurance Company ("Federated Mutual"), which in turn opened a claim, admitted coverage for the loss, and made some payments to Gavins in 2005 and 2006.

3. Federated Mutual admitted coverage and made payment on dates including but not limited to November 11, 2005, December 29, 2005, June 6, 2006, June 7, 2006, July 3, 2006, and August 30, 2006.

4. Federated Mutual withheld a certain amount of funds as recoverable depreciation, and Gavins disputed the amount that Federated Mutual paid to repair the roof at 16025 San Carlos Blvd., Fort Myers, FL 33908 ("LOC 1-1"), and a dispute as to the amount owed under the insurance policy followed.

5. Litigation commenced on October 22, 2010, when Gavins filed suit in Florida State Court. This lawsuit was not served on Federated Mutual until February 21, 2011. Attached to the State Court filed lawsuit was Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories. Federated Mutual removed the case to this Honorable Court on March 23, 2011.

6. On June 17, 2011, Federated Mutual responded to Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories, objecting to several requests and interrogatories on alleged grounds of work product, "claims file", attorney-client privilege, and irrelevance.

7. Federated Mutual also provided an additional five (5) page privilege log asserting work product, "claims file", and attorney client privilege.

8. Federated Mutual is seeking work product protection over documents that were prepared in the ordinary course of business during the handling and investigation of the subject claim, before litigation could be reasonably anticipated, and before litigation commenced. This is not permitted under the Federal Rules of Civil Procedure and controlling precedent.

9. Gavins does not have access to Federated Mutual's findings and reports that presumably provide details as to the damage to Gavins' property, including but not limited to photographs, causation determinations, and estimates for repairs. Gavins will be irreparably prejudiced if it is unable to discover and/or obtain the above information and documents that relate directly to the insurance claim that is the subject of this lawsuit.

## DISCOVERY REQUESTS, OBJECTIONS, AND REASONS THE MOTION SHOULD BE GRANTED

**Plaintiff's First Request for Production (Attached Hereto in its Entirety as Exhibit "A")**

INSTRUCTIONS
…
3. If any documents covered by this Request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a list is to be furnished at the time that documents are produced identifying each such document for which the privilege is claimed specifically by its nature (e.g., letter, memorandum, etc.) together with the following information with respect to any such document withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this Request to which such document relates.

4. If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.
…

REQUESTS

3. REQUEST: Any and all written communication between the Defendant and any third party concerning the processing, acceptance, or denial of any portion of Plaintiff's claim.

RESPONSE: Objection. This request is overly broad because it does not exclude communications between Federated and its attorneys, which is protected by the attorney client privilege. Also, this request asks for information protected by the work product immunity. And, documents contained in Federated's claims file are protected from disclosure in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).

REASON: As detailed more fully in the Memorandum of Law below, Defendant relies on inapplicable Florida state law for work-product doctrine. State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure. *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, *2 (M.D. Fla. Dec. 14, 2010); *Milinazzo v. State Farm Ins. Co.*, 247

3

F.R.D. 691, 698-700 (S.D. Fla. 2007).  Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine.  *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 630 F. Supp. 2d 1332, 1337 (M.D. Fla. 2007); AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 4116555 (S.D. Fla. Oct. 18, 2010); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 268 F.R.D. 695, 697 (S.D. Fla. 2010)*; *Milinazzo*, 247 F.R.D. at 701-2.  Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5).  Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court.  [Doc. # 1].  As such, all "claims file" documents produced or procured in the ordinary course of business before October 22, 2010, should be produced.  As per the instructions included with the Request for Production, Plaintiff does not seek attorney-client privileged documents to which the proper attorney-client standard can be demonstrated.

5. REQUEST:  Damage investigation summaries relating to, or regarding the subject claim.

RESPONSE:  Objection.  This request is confusing, vague and ambiguous.  It is unclear what Plaintiff means by "damage investigation summaries."  Also, documents contained in Federated's claims file are protected from disclosure in a breach of contract action.  Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).  Subject to these objections, documents potentially responsive to this request may be attached "Response to Request # 14" and "Response to Request # 16."  However, to the extent this request asks for adjuster summaries regarding any damage, Federated objects to production of those documents as they are part of the claims file and are protected by the work product immunity.

REASON:  Defendant claims this Request is "confusing, vague and ambiguous," but manages to interpret "damage investigation summaries" as "adjuster summaries regarding any damage," and objects again on inapplicable Florida state law for work-product doctrine.  State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure.  *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700.  Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine.  *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2.  Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5).  Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court.  [Doc. # 1].  As such, all "claims file" documents produced or procured in the ordinary course of business before October 22, 2010, should be produced.

7. REQUEST:  Copies of any and all documents that show payments made to Plaintiff, if any, on this claim.

RESPONSE:  Objection.  This request is overly broad and vague. Internal claims file documents listing payments to Plaintiff are not discoverable in a breach of contract action.  Nationwide Ins. Co. v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).  Subject to these objections, attached as "Response to Request # 7" are copies of the checks issued to Plaintiff.

4

REASON: Defendant appears to not object to producing copies of checks paid to the Plaintiff, but does appear to other documentation evidencing payment to Plaintiff. Again, Defendant relies on inapplicable Florida state law for work-product doctrine. State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure. *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700. Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine. *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2. Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5). Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court. [Doc. # 1]. As such, all "claims file" documents produced or procured in the ordinary course of business before October 22, 2010, should be produced.

11.    REQUEST: All appraisals of loss or value of loss prepared by, for, or on behalf of the Defendant regarding the subject losses of the Plaintiff.

RESPONSE: Objection. This request is confusing and ambiguous. It is unclear what Plaintiff means by "appraisals of loss or value of loss." However, documents responsive to this request may be attached as "Response to Request # 16."

REASON: Defendant objects as "confusing and ambiguous." Defendant makes the connection between "appraisal of loss or value of loss" and "explaining what items the Defendant made payment upon" as requested in Request for Production # 16. Response # 16 also seeks inapplicable State law "claims file" protection in this case. (*See* REASON to Response # 3 above and Memorandum of Law below). To the extent that there are other appraisals of loss or value of loss that Defendant did not make payment on, or documents withheld in Response to Request # 16, Plaintiff respectfully requests that this Honorable Court order production of those documents.

15.    REQUEST: A copy of each check for payments in this claim.

RESPONSE: Objection. This request is overly broad and asks for information that is not relevant nor reasonably calculated to lead to admissible evidence. Also, this request asks for documents protected by the work product immunity and attorney client privilege. The only documents responsive to this request that are relevant are checks showing payment to Plaintiff. Those documents are attached as "Response to Request # 7."

REASON: Defendant states that it has already attached copies of checks showing payment "to Plaintiff," but objects to checks illustrating payment to anyone else with regard to this claim. If there are other payments being made with relation to this claim that were not paid to Plaintiff, such payment is highly probative of the issue of whether the right payments were made to the Plaintiff. Defendant further fails to explain how payments made that were not made to the Plaintiff are protected by attorney client privilege or work product protection. To the extent that Defendant asserts the inapplicable State law "claims file" protection, such objection

must be overruled in this diversity action.  (*See* REASON to Response # 3 above and Memorandum of Law below).

16.     REQUEST:  Any document showing or explaining what items the Defendant made payment upon, if any, the amount of damage and how the amount was determined.

        RESPONSE:  Objection.  This request is overly broad because it does not exclude internal claim file materials and documents protected by the work product immunity.  Subject to this objection, see attached "Response to Request # 16."

        REASON:  Again, Defendant relies on inapplicable Florida state law for "claim file" work-product doctrine.  State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure.  *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700.  Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine.  *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2.  Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5).  Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court.  [Doc. # 1].  As such, all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced.

18.     REQUEST: A copy of the agent's file.

        RESPONSE:  Objection.  This request asks for documents that are not relevant to this lawsuit nor reasonably calculated to lead to admissible evidence.

        REASON:  This conclusory, boilerplate objection that fails to explain the precise grounds that make the request objectionable are not permitted.  *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-Ftm-36SPC, 2011 WL 3841557 (M.D. Fla. Aug. 29, 2011).  The agent's file is presumed to contain information regarding the condition of the insured property before the loss as well as conditions and claims information following the loss.  These documents would be highly probative of the extent of damage caused to the insured property by covered perils and the amount required to properly repair that damage.

19.     REQUEST:  A copy of all documents regarding all prior claims, excluding any privileged information.

        RESPONSE:  Objection.  This request is vague and ambiguous, and, depending on the proper interpretation, asks for documents protected by th [sic] work product immunity, or that are not relevant to this lawsuit nor reasonably calculated to lead to admissible evidence.  An insurer's claims file is not discoverable in a breach of contract action.  <u>Nationwide Ins. Co. of Florida v. Demmo</u>, 57 So. 3d 982 (Fla. 2d DCA 2011).

REASON:  Defendant asserts that this request is "vague and ambiguous" but doesn't state why.  Rather than stating why, Defendant again relies on inapplicable Florida state law for work-product doctrine.  State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure.  *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700.  Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine.  *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2.  Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5).  Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court.  [Doc. # 1].  As such, all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced.

**Defendant's Privilege Log (Attached Hereto in its Entirety as Exhibit "B")**

RESPONSE:  Defendant, Federated Mutual Insurance Company, by its undersigned counsel, and in response to Plaintiff's First Request for Production, withholds the following privileged documents from disclosure:

| | | |
|---|---|---|
| 05/23/2006 | Note to File from Jeffrey Kaemmerer with summary of claim | Work Product Claims File |
| 7/14/2006 | Check payable to Specialty Claim Services, Inc. | Work Product Claims File |
| 10/24/2005 | Check payable to Specialty Claim Services, Inc. | Work Product Claims File |
| 04/28/2006 | Check payable to Specialty Claim Services, Inc. | Work Product Claims File |
| 09/13/2007 | "Documentation Details" memorandum from Heather Newman of Federated regarding insurance claim and amounts paid | Work Product Claims File |
| 05/23/2011 | Internal Federated worksheet printout with information regarding claim, insured, and insurance policy | Work Product Claims File |
| 05/23/2011 | Internal Federated "Detailed Transactions by Coverage Code" worksheet | Work Product Claims File |
| 08/30/2006 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 08/24/2006 | Internal file notation from Heather Newman regarding phone conversation with Nick from Action Cooling | Work Product Claims File |
| 08/24/2006 | Internal file notation from Heather Newman regarding phone conversation with Patty Ferguson-Bonney | Work Product Claims File |
| 08/24/2006 | Internal file notation from Heather Newman regarding conversation with Walt Baranecky | Work Product Claims File |
| 07/28/2006 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 07/28/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |

| | | |
|---|---|---|
| 07/17/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 07/17/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 07/13/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 07/06/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 07/06/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 07/06/2006 | Internal file notation from Heather Newman regarding phone conversation with Victor Littlejohn | Work Product Claims File |
| 07/03/2006 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 07/03/2006 | Internal file notation from Heather Newman regarding phone conversation with Victor Littlejohn | Work Product Claims File |
| 06/30/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 06/30/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with William Zinn | Work Product Claims File |
| 06/28/2006 | Internal file notation from Jeffrey Kaemmerer regarding Heather Newman's message | Work Product Claims File |
| 06/26/2006 | Internal file notation from Heather Newman regarding meeting with Plaintiff and inspection of Plaintiff's property | Work Product Claims File |
| 06/20/2006 | Internal file notation from Jeffrey Kaemmerer regarding conversation with Heather Newman | Work Product Claims File |
| 06/20/2006 | Internal file notation from Heather Newman regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 06/20/2006 | Internal file notation from Jeffrey Kaemmerer with message to Patrick Harris | Work Product Claims File |
| 06/07/2006 | Internal file notation from Jeffrey Kaemmerer with message to Patrick Harris | Work Product Claims File |
| 06/05/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 06/05/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Sharon Williams | Work Product Claims File |
| 06/05/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 06/02/2006 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 06/02/2006 | Internal file notation from Richard Gaines with message to Jeffrey Kaemmerer | Work Product Claims File |
| 06/02/2006 | Internal file notation from Patrick Harris with message to Jeffrey Kaemmerer | Work Product Claims File |
| 06/02/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Dean Cavalieri | Work Product Claims File |

| | | |
|---|---|---|
| 05/25/2006 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 05/25/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Sharon Williams | Work Product Claims File |
| 05/17/2006 | Internal file notation by Jeffrey Kaemmerer | Work Product Claims File |
| 03/30/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Sharon Williams | Work Product Claims File |
| 03/28/2006 | Internal file notation by Jeffrey Kaemmerer | Work Product Claims File |
| 03/28/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Sharon Williams | Work Product Claims File |
| 03/03/2006 | Internal file notation with message from Jeffrey Kaemmerer to Patrick Harris | Work Product Claims File |
| 03/03/2006 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Dean Cavalieri | Work Product Claims File |
| 12/29/2005 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Ronald Gavins and payment to Plaintiff | Work Product Claims File |
| 12/29/2005 | Authorization Request form with information regarding payment to Plaintiff for insurance claim | Work Product Claims File |
| 12/20/2005 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Ronald Gavins and payment to Plaintiff | Work Product Claims File |
| 11/11/2005 | Internal file notation from Jeffrey Kaemmerer regarding phone conversation with Ronald Gavins and payment to Plaintiff | Work Product Claims File |
| 11/08/2005 | Internal file notation by Jeffrey Kaemmerer regarding payment to Plaintiff | Work Product Claims File |
| 11/07/2005 | Internal file notation by Jeffrey Kaemmerer regarding inspection of Plaintiff's property | Work Product Claims File |
| 06/08/2009 | Internal file memorandum from Heather Newman regarding inspection of roof | Work Product Claims File |
| 11/03/2005 – Present | Activity Log/Adjuster Notes | Attorney Client Work Product Claims File |
| 06/10/2011 | Internal Federated "Detailed Transactions by Coverage Code" worksheet | Work Product Claims File |
| Various | Communications between Patrick Harris, Heather Newman, and others at Federated and Butler Pappas regarding lawsuit | Attorney Client Work Product |
| 04/26/2011 | File Review report from Butler Pappas to Federated | Attorney Client Work Product |

REASON: Of the 55 line items in this Privilege Log, only six are dated after August 30, 2006, the date of Federated Mutual's currently last known payment to Gavins Ace Hardware. Of those six, only four are dated after litigation commenced on October 22, 2010. Only three line

9

items claim "Attorney Client" as the applicable privilege. One item, the "Activity Log/Adjuster Notes" spans close to six years from 11/03/2005 – Present. The 52 line items that state "Work Product Claims File" as the applicable privilege presumably reference the Defendant's Response to Plaintiff's First Request for Production, and the inapplicable Florida State law case citation of Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011) that Defendant has repeatedly cited for the Florida State law principle that the claims file is not discoverable. As previously stated, state law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure. *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700. Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine. *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2. Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5). Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court. [Doc. # 1]. As such, all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced.

**Defendant's Responses to Plaintiff First Set of Interrogatories (Attached Hereto in its Entirety as Exhibit "C")**

6. INTERROGATORY: Please describe each and every investigative/evaluative step conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss, and please list the names of the individuals performing those investigative steps, the dates of the investigative/evaluative actions, and the results of same.

RESPONSE: Objection. This interrogatory is overly broad and asks for information that is not relevant nor reasonably calculated to lead to admissible evidence. Federated's claims handling and investigation is not relevant to this breach of contract action. The issue in this lawsuit is whether or not Federated paid the amount due to Plaintiff pursuant to the terms, conditions and limitations of the insurance policy. The information this interrogatory seeks to elicit is irrelevant to this determination. Also, this information is protected from discovery by the work product immunity. And, under Florida law, claims handling information is not discoverable in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).

REASON: Federated's claims handling and investigation is highly relevant because whether Federated conducted proper handling and a proper investigation of this claim is highly probative of whether a proper investigation led to a proper payment or an improper investigation led to an improper payment on this claim. Defendant then seeks the same inapplicable "claims file" work-product protection that it has sought in objecting to several other discovery requests. While state law generally controls attorney-client privilege, claims of work product are governed by the Federal Rules of Civil Procedure. *Royal Marco Point 1*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, at *2; *Milinazzo*, 247 F.R.D. at 698-700. Under the Federal Rules, documents produced before the date of denial of an insurance claim are presumed not covered by the work product doctrine. *Liberty Surplus*, 630 F. Supp. 2d at 1337; *O'Neill*, No. 09-60551-

CIV, 2010 WL 4116555; *Royal Bahamian*, 268 F.R.D. at 697; *Milinazzo*, 247 F.R.D. at 701-2. Federated Mutual did not deny Gavins' claim (Exhibit A, p. 2; Exhibit C, p. 5). Litigation did not commence until October 22, 2010, when the lawsuit was filed in Florida State Court. [Doc. # 1]. As such, all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced.

## **MEMORANDUM OF LAW**

    **A.**    **Applicable Rules**

Federal Rule of Civil Procedure 26(b)(3), specifically states in relevant part:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>   (i)    they are otherwise discoverable under Rule 26(b)(1); and
>   (ii)   the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Federal Rule of Evidence 501 states in relevant part:

> However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

    **B.**    **There is a Presumption Against Work Product in Insurance Cases in Florida**

Federal Rule of Civil Procedure 26(b)(3) governs discovery, including requests for items which are work product, namely documents and tangible things prepared in anticipation of litigation. The Rule explains that the items may be obtained if they are otherwise discoverable and the "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26(b)(3). Gavins contends that the information sought is relevant and not privileged factual information; there are no other practical means available to obtain the same information due to the nature of

11

the information sought; and, the factual information sought is crucial to the preparation of Gavins' case.

The Federal Rules protect "materials prepared by an attorney acting for his client in anticipation of litigation . . . as well as materials prepared by agents for the attorney." *Schulte v. NCL (Bahamas) Ltd.*, No. 10-23265, 2011 WL 256542 (S.D. Fla. Jan. 25, 2011). State law generally controls attorney-client privilege, but claims of work product are governed by the Federal Rules of Civil Procedure. *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-16-Ftm-99SPC, 2010 WL 5161111, *2 (M.D. Fla. Dec. 14, 2010); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698-700 (S.D. Fla. 2007). "The work product doctrine was not intended to protect from general discovery materials prepared in the ordinary course of business such as factual investigations prepared by insurance companies." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1337 (M.D. Fla. 2007); *see also, Milinazzo*, 247 F.R.D. at 698; *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 688 (S.D. Fla. 2010). "Because insurance companies ordinarily investigate a claim in contemplation of litigation, Courts use a special analysis when considering whether documents created prior to the initiation of litigation are privileged." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp*, 268 F.R.D. 695, 697 (S.D. Fla. 2010).

In insurance claim cases, Florida Federal Courts have adopted a rebuttable presumption "that documents prepared before the final decision on an insured's claim do not constitute work product, but that documents produced after a claims denial do." *AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV, 2010 WL 4116555 (S.D. Fla. Oct. 18, 2010); *Royal Bahamian*, 268 F.R.D. at 698; *Milinazzo*, 247 F.R.D. at 701-2. "[T]he date coverage is denied by the insurer has been recognized by a number of courts as the proper date after which it is fairly certain there is

an anticipation of litigation and thus documents generated after that date would be protected as work product." *Liberty Surplus*, 630 F. Supp. 2d at 1337. The presumption may be overcome with "specific evidentiary proof of objective facts" to demonstrate that insurer reasonably anticipated litigation. *Royal Bahamian*, 268 F.R.D. at 698. "The insurer must demonstrate the connection between possible litigation concretely enough to assure a court that it is not simply trying to immunize from discovery its routine claims processing material." *Id.* Use in litigation of documents prepared in the ordinary course of business will not shield those documents with work product protection. *See Schulte*, 2011 WL 256542, at *3-4.

The facts and law of *Royal Bahamian* are both factually and legally on point with the current dispute. In *Royal Bahamian*, the insured condominium association suffered damage from Hurricane Wilma in 2005, but did not file suit against the insurer, QBE, until 2010. The insurer claimed work product protection over claim documents as early as 2006. The insurer claimed it anticipated litigation at a point in 2006 when litigation was threatened by the insured, but the Court disagreed, holding that the insurer had not met its burden to rebut the presumption against work product protection, and ordering the production of all claim documents prepared prior to the date suit was actually filed.[1] The Court cited *Milinazzo* for the proposition that even a *bona fide* threat of litigation may not be enough for an insurer to reasonably anticipate litigation in such a way that the work product protection would attach. Importantly, in *Milinazzo*, the presumption against work product protection was not rebutted by a *bona fide* threat of litigation when the insurer continued to investigate and adjust the claim for six (6) months after the threat.

In this matter Gavins' claim has not been denied. (Exhibit A, p. 2; Exhibit C, p. 5). Suit was originally filed in Florida State Court on October 22, 2010, but not served upon Federated

---

[1] The Court apparently would have ordered production of all claim files created before the claim was ultimately denied, however the claim was denied after suit was filed, which the Court felt would produce an illogical result.

Mutual until February 21, 2011. Like the claim documents in *Royal Bahamian* that were ordered to be produced because they were prepared in the ordinary course of the business of adjusting insurance claims, the documents that have been requested by Gavins are those that were prepared by Federated Mutual in the ordinary course of business of adjusting the claim, and should be produced to Gavins. In the same way that a *bona fide* threat of litigation did not rebut the presumption against work product in *Milinazzo* when the insurer continued to investigate the claim for six (6) months before denying, any dispute as to the value or proper payment of the claim before suit was filed will not rebut the presumption against work product protection when Federated Mutual continued to investigate and adjust the claim without denying it.

Federated Mutual has offered no affidavits, deposition testimony, or other specific evidence to substantiate its claim to work product protection asserted in its privilege logs. The documents were quite simply prepared in the ordinary course of business, presumed not to be work product, and Federated Mutual has failed to produce them without citing any more than its own bare assertion that Florida state law work product protection applies.

  **C.  Gavins has a Substantial Need and Would Incur Undue Hardship if Federated Mutual's Documents are Not Produced**

Even if the presumption against work product is rebutted, the insured may still be granted discovery of the documents prepared in the investigation and handling of the claim upon a showing of "substantial need" and "undue hardship." Fed. R. Civ. P. 26(b)(3); *Milinazzo*, 247 F.R.D. at 702. Gavins, as the plaintiff, has the burden of proving its case. In a breach of contract action in Florida, the plaintiff must prove "(1) a valid contract; (2) a material breach of that contract; and (3) damages." *Great Lakes Reinsurance (UK) PLC v. Morales*, 760 F. Supp. 2d 1315, 1328 (S.D. Fla. 2010).

In the instant case, the parties do not dispute that a valid insurance contract exists. Gavins bears the burden of proving that Federated Mutual materially breached the insurance contract at issue. In order to prove that Federated Mutual breached the policy, Gavins has a substantial need for documents and evidence that specifically details what Federated Mutual did and did not do during the ordinary course of business of adjusting Gavins' claim.

Of utmost importance to the Plaintiff in this action are the records, documents, photographs, payments, payment authorizations, and reports prepared by Federated Mutual, its representatives and its third party adjusters. Federated Mutual has alleged that it properly paid Gavins' claim and based upon its investigation of the damages. Gavins has therefore a substantial need for this evidence and there is no other way to obtain this relevant evidence to rebut Federated Mutual's assertion.

Federated Mutual has these documents and evidence in its possession and control, and Gavins has no legal way of obtaining this information other than through the legal discovery process. Gavins simply cannot go back in time to when Federated Mutual was adjusting the loss, and legally cannot get property (documents) that is owned by Federated Mutual without Federated Mutual voluntarily turning it over or being ordered to by this Court. For these reasons, Gavins has a substantial need to the documents requested, and has no reasonable alternative to obtaining them but through this Court.

**WHEREFORE**, the Plaintiff, Gavins Ace Hardware, Inc., respectfully requests this Court Grant Plaintiff's Motion to Compel and/or Overrule Objection, and to compel Federated Mutual to produce all documents prepared before the commencement of litigation on October 22, 2010, as well as the documents and reports prepared by its representatives and third party claims adjusters, as well as any other reports, documents, payments, payment authorizations, and

15

photographs obtained or created during its investigation of Plaintiff's claim for hurricane damages. Additionally, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff respectfully requests that this Honorable Court order Defendant to pay reasonable expenses incurred in making this Motion, including attorney's fees.

**CERTIFICATE OF CONFERENCE**

**WE HEREBY CERTIFY** that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion, and counsel have not yet agreed on the resolution of the motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of September, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jeremy Fenton Tyler*
Jeremy Fenton Tyler, Esq.
Florida Bar No.: 77115
jtyler@merlinlawgroup.com
Javier Delgado, Esq.
Florida Bar No.: 0560146
jdelgado@merlinlawgroup.com
Michelle Claverol, Esq.
Florida Bar No.: 24623
mclaverol@merlinlawgroup.com
Merlin Law Group, P.A.
2333 Ponce de Leon Blvd, Suite 314
Coral Gables, FL 33134
Telephone: (305) 448 4800
Facsimile: (305) 448 2424
*Attorneys for Plaintiff*