UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAVIN'S ACE HARDWARE, INC.,

                        Plaintiff,

-vs-                                                  Case No. 2:11-cv-162-FtM-36SPC

FEDERATED MUTUAL INSURANCE COMPANY,

                        Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents and/or Overrule Defendant's Privilege Objections (Doc. #48) filed on September 21, 2011. Defendant filed its Response to Plaintiff's Motion to Compel Discovery and/or Overrule Defendant's Privilege Objections (Doc. # 56) on October 5, 2011. Subsequently, Plaintiff filed its Motion for Leave to File Reply to Defendant's Response (Doc. #57) on October 10, 2011. Defendant also filed its Memorandum in Opposition to Plaintiff's Motion for Leave to File Reply to Defendant's Response (Doc. #58) on October 10, 2011. The Motions are thus ripe for review.

## BACKGROUND

This is a breach of contract action brought by Plaintiff Gavins Ace Hardware, Inc. (Doc. #18, Count I – Breach of the Insurance Contract). In October 2005, Hurricane Wilma made landfall on the Gulf Coast of Florida and damaged Plaintiff's property. Plaintiff initiated a claim with its insurer, Defendant Federated Mutual Insurance Company, which in turn opened a claim, admitted coverage for the loss, and made some payments to Plaintiff in 2005 and 2006. Defendant admitted coverage and made payment on dates including but not limited to November

11, 2005, December 29, 2005, June 6, 2006, June 7, 2006, July 3, 2006, and August 30, 2006. Defendant withheld a certain amount of funds as recoverable depreciation, and Plaintiff disputed the amount that Defendant paid to repair Plaintiff's roof. A dispute as to the amount owed under the insurance policy followed, and litigation was commenced in October 2010 in Florida State Court. Defendant removed the case to this Court on March 23, 2011. In this action, Plaintiff claims that Defendant has breached the terms of the insurance contract by failing to perform its obligations and duties to fully compensate Plaintiff for all losses covered under the subject policy.

## **MOTION TO COMPEL DISCOVERY**

The Plaintiff moves the Court to compel more complete response to Interrogatory number 6 and Request for Production of Documents numbers 3, 5, 7, 11, 15, 16, 18, and 19. Defendant objects to the requests and interrogatories on the grounds of work product, "claims file," attorney-client privilege, and irrelevance. Defendant produced a privilege log. Plaintiff also seems to object to Defendant's privilege log in its entirety, arguing that all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced. Plaintiff contends that it does not have access to Defendant's findings and reports which presumably provide details as to the damage to Plaintiff's property, including but not limited to photographs, causation determinations, and estimates for repairs. Plaintiff argues that it will be irreparably prejudiced if it is unable to discover and/or obtain the above information and documents that relate directly to the insurance claim that is the subject of this lawsuit. Litigation in this matter commenced on October 22, 2010, when the lawsuit was filed in Florida State Court.

Defendant counters that documents contained in its claims file are protected from disclosure in a breach of contract action as Defendant's claims handling and investigation are not relevant in this breach of contract action. Defendant frames the issue in this lawsuit as whether or not it paid the amount due to Plaintiff pursuant to the terms, conditions, and limitations of the insurance policy. Plaintiff argues that all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced. The Court will consider each Request in turn.

## **DISCUSSION**

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Oppenheimer Fund, Inc., 437 U.S. at 351. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)). "[T]he Federal Rules of Civil Procedure allow for broad discovery that does not need to

be admissible at trial." Martin v. Zale Delaware, Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

*Plaintiff's First Request for Production*

**REQUEST #3**: Any and all written communication between the Defendant and any third party concerning the processing, acceptance, or denial of any portion of Plaintiff's claim.

**FEDERATED'S RESPONSE**: Objection. This request is overly broad because it does not exclude communications between Federated and its attorneys, which is protected by the attorney client privilege. Also, this request asks for information protected by the work product immunity. And, documents contained in Federated's claims file are protected from disclosure in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).

Plaintiff argues that any claims file documents produced or procured in the ordinary course of business before this action commended on October 22, 2010, should be produced. The Court notes that this information would be included in the claim file(s) regarding the damage in this case. Federal Courts in Florida have held that the claims files are not discoverable when a breach of contract claim is at issue and before the Plaintiff either brings a bad faith claim or prior to the bad faith claim being ripe. "[I]t is well established, under Florida statutory law, that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven

4

liability in her underlying contractual claim." Dennis v. Northwestern Mut. Life. Ins. Co., 2006 WL 1000308, *2 (M.D. Fla. Apr. 14, 2006) (noting that under Florida Statute § 624.155(1)(b), a claim for bad faith does not accrue until after an insured as proven liability in her underlying contractual claim). Florida substantive law applies to this matter along with Federal procedural rules as this Court's jurisdiction is based on diversity of citizenship. See Pastor v. Union Central Life Ins. Co., 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002) (noting that "a contract is governed by the law of the state in which the contract is made").

Both Florida state and federal courts have held that under Florida law, discovery into an insurer's claims handling practices, policies, and protocols is impermissible in a breach of contract claim. "Florida courts have held that allowing references to an insurer's alleged bad faith actions into evidence during litigation involving a coverage dispute will prejudice the insurer and could distort the jury's view of the coverage issue." Dennis, at *3. See also Hartford Ins. Co. v. Mainstream Const. Group, Inc., 864 So.2d 1270, 1272 (Fla. 5th DCA 2004) (finding that "an insured is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined"). The Dennis court concluded that if plaintiff is not authorized to assert a bad faith claim until liability has been proven, then evidence related to defendant's alleged bad faith is not relevant or admissible in the breach of contract action. Id.

Thus, the Court finds that the claims file is not due to be produced in this case because at this point, Plaintiff has only alleged a breach of contract action, not a bad faith claims handling case. To the extent though that any of the documents responsive to this Request are not included in the claims file, they are due to be produced. Therefore, the motion to compel this Request is

due to be granted in part and denied in part to the extent that any documents responsive to this Request that are not contained in the claims file are due to be produced.

**REQUEST #5**: Damage investigation summaries relating to, or regarding the subject claim.

**FEDERATED'S RESPONSE**: Objection. This request is confusing, vague and ambiguous. It is unclear what Plaintiff means by "damage investigation summaries." Also, documents contained in Federated's claims file are protected from disclosure in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011). Subject to these objections, documents potentially responsive to this request may be attached "Response to Request # 14" and "Response to Request # 16." However, to the extent this request asks for adjuster summaries regarding any damage, Federated objects to production of those documents as they are part of the claims file and are protected by the work product immunity.

To the extent any documents responsive to this request are contained within the claims file, the documents are not due to be produced. Any documents not contained within the claims file that are responsive to this Request should be produced as they are relevant to Plaintiff's claim. Therefore, the motion to compel this Request is due to be granted in part and denied in part to the extent that any documents responsive to this Request that are not contained in the claims file are due to be produced.

**REQUEST #7**: Copies of any and all documents that show payments made to Plaintiff, if any, on this claim.

**FEDERATED'S RESPONSE**: Objection. This request is overly broad and vague. Internal claims file documents listing payments to Plaintiff are not discoverable in a breach of contract action. Nationwide Ins. Co. v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011). Subject to these objections, attached as "Response to Request # 7" are copies of the checks issued to Plaintiff.

Plaintiff's move to compel this information and notes that it appears that Defendant does not object to producing copies of checks paid to the Plaintiff, but does appear to object to other documentation evidencing payment to Plaintiff. The Court finds that Defendant has satisfied its obligation to respond to this Request as it states that it has produced copies of checks issued to

6

Plaintiff. Otherwise, it appears that responsive documents would be included in the claims file, which the Court has found is not discoverable in this matter. Therefore, the motion to compel this request is due to be denied.

**REQUEST #11**: All appraisals of loss or value of loss prepared by, for, or on behalf of the Defendant regarding the subject losses of the Plaintiff.

**FEDERATED'S RESPONSE**: Objection. This request is confusing and ambiguous. It is unclear what Plaintiff means by "appraisals of loss or value of loss." However, documents responsive to this request may be attached as "Response to Request # 16."

The Court finds that to the extent these documents are not included in the claims file for this case, the documents are due to be produced. Therefore, the motion to compel this Request is granted in part and denied in part to the extent that any documents responsive to this Request that are not contained in the claims file are due to be produced.

**REQUEST #15**: A copy of each check for payments in this claim.

**FEDERATED'S RESPONSE**: Objection. This request is overly broad and asks for information that is not relevant nor reasonably calculated to lead to admissible evidence. Also, this request asks for documents protected by the work product immunity and attorney client privilege. The only documents responsive to this request that are relevant are checks showing payment to Plaintiff. Those documents are attached as "Response to Request # 7."

This Request is due to be denied as moot as Defendant asserts that the only documents responsive to this Request have already been produced.

**REQUEST #16**: Any document showing or explaining what items the Defendant made payment upon, if any, the amount of damage and how the amount was determined.

**FEDERATED'S RESPONSE**: Objection. This request is overly broad because it does not exclude internal claim file materials and documents protected by the work product immunity. Subject to this objection, see attached "Response to Request # 16."

The Court finds that to the extent these documents are not included in the claims file for this case, the documents are due to be produced. Therefore, the motion to compel this Request is

granted in part and denied in part to the extent that any documents responsive to this Request that are not contained in the claims file are due to be produced.

**REQUEST #18**: A copy of the agent's file.

**FEDERATED'S RESPONSE**: Objection. This request asks for documents that are not relevant to this lawsuit nor reasonably calculated to lead to admissible evidence.

Defendant does not object on the grounds that documents responsive to this Request are contained in the claims file. Rather, Defendant includes a conclusory, boilerplate objection that fails to explain the precise ground that makes the Request objectionable. "Parties are not permitted to assert these types of conclusory, boilperplate objections that fail to explain the precise grounds that make the request objectionable." Martin, 2008 WL 5255555, at *1. Defendant's boilerplate objection/response to Requests # 1 is not well taken. Defendant must state specific grounds for each objection. Plaintiff states that this evidence is relevant to its allegation that Defendant engaged in a general business practice. (Doc. # 2, at ¶ 34). Therefore, the motion to compel this Request is due to be granted.

**REQUEST #19**: A copy of all documents regarding all prior claims, excluding any privileged information.

**FEDERATED'S RESPONSE**: Objection. This request is vague and ambiguous, and, depending on the proper interpretation, asks for documents protected by th [sic] work product immunity, or that are not relevant to this lawsuit nor reasonably calculated to lead to admissible evidence. An insurer's claims file is not discoverable in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).

Defendant's argument that this Request is vague and ambiguous is well taken. It is not clear if Plaintiff is requesting information on any other claims that Gavins made to Federated on other matters besides the Hurricane Wilma damage that is the subject of this lawsuit or if Plaintiff is requesting information about claims involving the damages that are the subject of this lawsuit. Therefore, Plaintiff's motion to compel this Request is due to be denied. If Plaintiff

believes documents in the file for some past claim is relevant to this case, Plaintiff should ask for it specifically.

*Plaintiff's First Set of Interrogatories*

**INTERROGATORY #6**: Please describe each and every investigative/evaluative step conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss, and please list the names of the individuals performing those investigative steps, the dates of the investigative/evaluative actions, and the results of same.

**FEDERATED'S RESPONSE**: Objection. This interrogatory is overly broad and asks for information that is not relevant nor reasonably calculated to lead to admissible evidence. Federated's claims handling and investigation is not relevant to this breach of contract action. The issue in this lawsuit is whether or not Federated paid the amount due to Plaintiff pursuant to the terms, conditions and limitations of the insurance policy. The information this interrogatory seeks to elicit is irrelevant to this determination. Also, this information is protected from discovery by the work product immunity. And, under Florida law, claims handling information is not discoverable in a breach of contract action. Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011).

The Court finds that Defendant's objections are not well taken. Unlike the Requests for Production which requested documents out of the claims file, this Interrogatory seeks information about how Defendant adjusted the claim. This would be relevant to Plaintiff's breach of contract claim and the motion to compel this Interrogatory is due to be granted.

*Defendant's Privilege Log*

Defendant withheld certain privileged documents from disclosure in response to Plaintiff's First Request for Production. (Doc. #48-2). Plaintiff argues that of the 55 line items in this Privilege Log, only six are dated after August 30, 2006, the date of Federated Mutual's last known payment to Gavins Ace Hardware, and of those six, only four are dated after litigation commenced on October 22, 2010. Only three line items claim "Attorney Client" as the applicable privilege. One item, the "Activity Log/Adjuster Notes" spans close to six years from 11/03/2005 – Present. The 52 line items that state "Work Product Claims File" as the applicable

privilege presumably reference the Defendant's Response to Plaintiff's First Request for Production, and the inapplicable Florida State law case citation of Nationwide Ins. Co. of Florida v. Demmo, 57 So. 3d 982 (Fla. 2d DCA 2011) that Defendant has repeatedly cited for the Florida State law principle that the claims file is not discoverable. Plaintiff asserts that all "claims file" documents produced or procured before October 22, 2010, were presumed to have been prepared in the ordinary course and scope of business of investigating the claim and should be produced.

As discussed above, this Court has found that the claims file in this case is not due to be produced. Therefore, any documents listed on the privilege log that are included within the claims file are not due to be produced. Further, with regard to the documents on the privilege log that were withheld based on attorney client and work product privileges, Defendant has asserted that these documents were made after the lawsuit was filed and concern defense of the lawsuit, as listed on the privilege log. Therefore, the motion to compel the production of documents listed on Defendant's privilege log is denied at this time.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Production of Documents and/or overrule Defendant's Privilege Objections (Doc. #48) is **GRANTED IN PART** and **DENIED IN PART**.

    a. Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production, Requests Nos. 3, 5, 11, and 16 is **GRANTED in part and DENIED in part**.

    b. Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production, Requests Nos. 7 and 19 is **DENIED**.

c. Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production, Requests No. 15 is **DENIED AS MOOT**.

d. Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production, Requests No. 18 is **GRANTED**.

   i. Federated's deadline to produce documents responsive to Requests Nos. 3, 5, 11, 16, and 18 to Plaintiff's First Request for Production shall be **November 11, 2011**.

e. Plaintiff's Motion to Compel Defendant to produce documents listed on Defendant's privilege log is **DENIED**.

f. Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories, Request No. 6 is **GRANTED**.

   i. Federated's deadline to produce a responsive answer to this Interrogatory shall be **November 11, 2011**.

(2) Plaintiff's Motion for Leave to File Reply to Defendant's Response (Doc. #57) is **DENIED**.

(3) Defendant's request for attorney's fees and expenses is **DENIED** at this time subject to reconsideration if appropriate, including any failure to comply with this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of October, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record